IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA JEPSEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 14-CV-914-W-DGK |
| | ) | |
| PAUL VESCOVO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING JUDGMENT ON THE PLEADINGS TO DEFENDANT VESCOVO

Plaintiffs Linda Jepsen and Lauren Maberry allege that Defendants, the Clay County Sheriff's Department ("Clay County") and its sheriff, Paul Vescovo ("Vescovo"), unlawfully investigated them. Plaintiffs sued under 42 U.S.C. § 1983 and for common law invasion of privacy.

Now before the Court is Vescovo's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 63). Finding that the Complaint fails to state any claim against him, the Court GRANTS the motion.

### Background[1]

James E. Murray ("Murray") owns a private investigation business called Star Investigations, LLC. Matthew Hunter ("Hunter"), a Clay County sheriff's deputy, moonlighted for Star Investigations.

Murray and Hunter allegedly harassed each Plaintiff while conducting separate investigations on them. Each incident of harassment occurred in 2012. In their amended

---

[1] Pursuant to Federal Rule of Civil Procedure 12(c), the Court here recites the facts as they appear in the amended complaint (Doc. 56), crediting Plaintiffs with all reasonable inferences. *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

complaint, Plaintiffs contend that these incidents amounted to unlawful seizures, in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

Vescovo did not take office as Clay County Sheriff until late December 2012 or early January 2013. He thus did not personally participate in these incidents, although he allegedly ratified them after taking office.

## Standard

A moving party is entitled to judgment on the pleadings if "there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A court makes this determination by taking as true all facts pled by the nonmoving parties and granting them all reasonable inferences. *Id.*

## Analysis

Vescovo seeks summary judgment on the only count charged against him, a violation of 42 U.S.C. § 1983 (Count I). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The amended complaint does not identify a single relevant action Vescovo took while employed as a government official,[2] much less any unlawful seizure supporting § 1983 liability. Rather, it implies Vescovo is liable for Hunter's actions simply because he is the sheriff and because he supported them after the fact. Because this theory is not cognizable under § 1983, the Court grants judgment on the pleadings to Vescovo. *See id.*[3]

---

[2] "Only state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Therefore, Vescovo's conduct *before* becoming sheriff is irrelevant.

[3] Insofar as Vescovo may be liable for Hunter's actions on behalf of Clay County—i.e., in his *official* capacity—that theory was rejected in the Court's Order Granting Summary Judgment to Defendant Clay County (Doc. 97).

## Conclusion

In view of the foregoing, Vescovo's motion for judgment on the pleadings (Doc. 63) is GRANTED. Judgment shall be entered in favor of Vescovo on all counts.

**IT IS SO ORDERED.**

Date: March 10, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT